UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CLYDE EUGENE YANT,

Petitioner,

v.

CONSTANCE REESE, Warden,

Respondent.

Civil No. 01-1101 (DSD/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is an inmate at the Federal Medical Center in Rochester, Minnesota. He is serving a 20-year prison sentence imposed by the U.S. District Court for the Central District of California, following his 1988 conviction for possession with intent

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED JUN 21 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).

Petitioner initially received only a 10-year sentence for his crime, but when he appealed his conviction, the government filed a cross-appeal challenging the adequacy of his sentence. The Ninth Circuit Court of Appeals affirmed Petitioner's conviction, but remanded the case to the trial court for re-sentencing. United States v. Yant, Nos. 88-5310, 88-5346 (9th Cir. 1990) 1990 WL 615 (unpublished opinion). On remand, the trial court imposed Petitioner's current 20-year sentence.

Petitioner then brought a motion under 28 U.S.C. § 2255, in which he raised several legal challenges to both his conviction and his new sentence. Petitioner's motion was denied, and he then took another appeal to the Ninth Circuit. The Court of Appeals affirmed the trial court's ruling on the § 2255 motion, and upheld Petitioner's conviction and 20-year sentence. United States v. Yant, No. 91-55152 (9th Cir. 1992) 1992 WL 19830 (unpublished opinion).

Thereafter, Petitioner filed at least three more § 2255 motions with the trial court. (Petition, [Docket No. 1], p. 3, ¶ 11.) All of those subsequent § 2255 motions were denied.[2]

Petitioner then filed his current petition seeking habeas corpus relief under 28 U.S.C. § 2241. He is once again attempting to challenge the 20-year prison sentence imposed for his 1988 drug offense. He presently argues that his 20-year sentence --

---

[2] Subparagraph 11(a) of the petition lists only three more § 2255 motions; but subparagraphs 11(a),(b) and (c) suggest that there may have been four additional motions, which were denied on March 29, 1994, October 4, 1996, June 26, 1998, and April 25, 2001.

> "was a statutorily illegal sentence beyond the statutory authority of the Sentencing Court... [because] (1) District Courts are obliged to follow statutory law and may not impose punishments not provided by the federal statute applicable to the described conduct, [and] (2) [i]t is an ancient rule of statutory construction that penal statutes should be strictly construed against the government ... and in favor of the persons on whom penalties are sought to be imposed."

(Petition, p. 2, ¶ 9.)

For the reasons discussed below, the Court finds that Petitioner's current claim cannot properly be addressed on the merits here. It will therefore be recommended that his petition be summarily dismissed pursuant to Rule 4.

## II. DISCUSSION

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'"

DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, Petitioner is challenging the validity of the sentence imposed by the trial court, so his habeas corpus petition is clearly subject to § 2255's exclusive remedy rule. Ordinarily, Petitioner's application for relief under § 2241 might simply be construed as a motion brought under § 2255. The matter could then be transferred to the trial court so that Petitioner's claims could be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255 in the trial court, because he has already done so several times before. Any § 2255 action that Petitioner might now attempt to maintain would have to be construed as a "second or successive" application for relief, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255 [¶ 8].[3]

---

[3] According to the final paragraph of 28 U.S.C. § 2255:

> "A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

> "(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-

Without a proper pre-authorization order from the appropriate Court of Appeals, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. U.S., No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Ninth Circuit, a new § 2255 motion could not properly be entertained by the trial court at this time. Id. It would therefore be inappropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted.

Moreover, it clearly appears that Petitioner has deliberately elected to file a § 2241 habeas corpus petition, rather than seeking relief under § 2255. He contends that § 2255's exclusive remedy rule should not be applied to his current petition, because § 2255 has become "inadequate or ineffective to test the legality" of his sentence. Thus, he contends, he should be allowed to pursue his claims in a § 2241 habeas corpus proceeding at this time. The Court rejects that argument.

If Petitioner's reasoning were accepted, then any prisoner who was procedurally barred from seeking relief under § 2255 could just bring his claims in a § 2241

---

judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

habeas corpus petition instead. That, however, cannot be so. The rules that restrict the availability of relief under § 2255 would be rendered meaningless, if any prisoner adversely affected by those rules could simply contend that the remedy provided by § 2255 was "inadequate or ineffective," and that he was therefore entitled to challenge his conviction or sentence in a § 2241 habeas corpus action. Congress could not have intended to make it so easy to evade the procedural rules limiting § 2255 motions.

Thus, it is not surprising that our Court of Appeals has confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). Similar decisions have been reached in other circuit courts that have considered this subject. See e.g., U.S. v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) (a petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), cert. denied, 528 U.S. 1176 (2000); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate," [citation omitted]); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy

afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to raise his current claims for relief on direct appeal, and again in his first § 2255 motion to the trial court. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he is no longer eligible for relief under that statute.

## III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's application for habeas corpus relief challenges the validity of the sentence imposed upon him by the trial court; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner has already filed a previous § 2255 motion and he is precluded from filing another one without pre-authorization from the Ninth Circuit Court of Appeals; and (4) Petitioner's inability to file another § 2255 motion (without pre-authorization) does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule. Thus,

the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that it should be summarily dismissed.

Finally, the Court notes that Petitioner did not pay the $5 filing fee for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be DENIED; and

(2) Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED.

Dated: June 21, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the

proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.